## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| ASHLEY FOSTER, individually and on behalf of other similarly situated persons, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ROBERT BROGDEN'S OLATHE BUICK GMC, INC., | ) ) ) |
| Serve:  Robert Brogden<br>          1500 E. Santa Fe,<br>          Olathe, Kansas 66061 | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** Plaintiff Ashley Foster, individually and on behalf of all others similarly situated, by and through undersigned counsel, and for their Complaint against Defendant Robert Brogden's Olathe Buick GMC, Inc. ("Robert Brogden"), state as follows:

## JURISDICTION AND VENUE

1. The Fair Labor Standards Act of 1938, ("FLSA"), as amended, 29 U.S.C. § 201 et. seq., in relevant part, authorizes court actions by private parties to recover damages for violation of the FLSA's overtime provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Robert Brogden does business in this district and the unlawful conduct giving rise to the claims occurred in this district.

**PARTIES**

3. Plaintiffs are current and former employees of Robert Brogden who have all been victimized by Robert Brogden's unlawful compensation practices. Each Plaintiff was employed by Robert Brogden in Johnson County, Kansas within the last three years.

4. Robert Brogden is a Kansas corporation with its principal place of business in Olathe, Johnson County, Kansas. Robert Brogden is a car dealership engaged in commerce within Johnson County, Kansas and can be served through its registered agent, Robert Brogden, at the above address.

**FACTS**

5. Robert Brogden has been in operation as a car dealership at 1500 E. Santa Fe, Olathe, Kansas 66061 since at least 1995, selling vehicles and automotive services to consumers throughout the Kansas City metropolitan area.

6. Plaintiffs, and all other similarly situated persons, are current and former employees of Robert Brogden, employed in various hourly-wage employment capacities, including mechanics, porters, and accounting and human resources personnel.

7. Plaintiff Ashley Foster was employed by Robert Brogden to perform both accounting and human resources functions.

8. In or about January of 2016, Plaintiff Foster was tasked with implementing a new system for tracking hours worked by all hourly workers employed by Robert Brogden.

9. Under the old system, workers would track their hours by using punch cards in conjunction with a punch card/time clock machine. Hourly employees' worked hours would be recorded by physically "punching in" and "punching out" during periods of work and non-work.

10. The new system implemented by Robert Brogden was rolled out on or about March 1, 2016. The new system was and continues to be a paperless, computer software

program through which employees track their periods of work and non-work by logging onto a computer and effectively punching in and out digitally.

11.     Robert Brogden management communicated to Plaintiff Foster that they perceived a problem of employees logging into the system but not logging out over the course of the day during periods of non-work, such as lunch breaks.

12.     Shortly after the new time system was implemented on or about March 1, 2016, Plaintiff Foster was instructed to enact a protocol within the software program that automatically deducted 30 minutes of time from every hourly employee's daily pay record to account for a lunch break.

13.     Upon information and belief, this automatic pay deduction practice preceded the March 1, 2016 installation of the time recording software program.

14.     By enacting the automatic 30 minute deduction protocol, Robert Brogden enacted a policy of arbitrarily deducting pay from employees without any connection to actual hours worked.

15.     Under the new automatic 30 minute deduction protocol, an employee who worked through lunch or otherwise did not take a lunch break on a given day was still subject to an arbitrary 30 minute deduction and was not paid.

16.     Under the new automatic 30 minute deduction protocol, time entries actually entered by employees for their true lunch breaks were automatically overridden in favor of the automatic and arbitrary 30 minute deduction.

17.     Hourly employees subjected to the 30-minute deduction were not completely relieved from duty during such periods of pay deduction but, rather, such employees were expected to and/or required to perform work duties, whether active or inactive, while eating lunch.

18. Robert Brogden had previously installed a system of "writing up" hourly employees for not punching out during periods of non-work but, given the time required to manage and oversee such employees, management elected to install the arbitrary and automatic 30 minute deduction protocol instead.

19. As a result of Robert Brogden's installation of the automatic pay deduction protocol, Robert Brogden employees were not and continue to not be paid fully and fairly for hours worked.

20. In or about April of 2016, Plaintiff Foster received training for her Robert Brogden job capacities in the payroll and human resources departments when she first learned that Robert Brogden's practice of enacting automatic pay deductions from hourly employees may be a violation of the Fair Labor Standards Act.

21. Plaintiff Foster informed management at Robert Brogden that their practice of automatically deducting pay from hourly employees may not be lawful.

22. On or about May 30, 2016, Plaintiff Foster contacted and was informed by the Kansas Department of Labor, Wage and Hour Division, that the practice of automatically deducting pay from hourly employees was, in fact, not lawful.

23. On June 5, 2016, Plaintiff Foster sent an email to Robert Brogden management, including the General Manager and Owner, informing them of her findings regarding the unlawful practice of automatically deducting time from hourly employees.

24. The recipients of Plaintiff Foster's email did not respond to her.

25. On June 10, 2016, Robert Brogden terminated Plaintiff Foster's employment, offering pre-textual and illusory reasons for her termination.

4

## COLLECTIVE ACTION ALLEGATIONS

26.  Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 25 above.

27.  Plaintiffs bring the FLSA claims, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, Robert Brogden's practice of failing to accurately record all hours worked, arbitrarily deducting hours allegedly not worked and, as a result, failing to pay hourly employees for the full and fair amount of hours worked.

28.  The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action are similarly situated because they have been or are employed in the same or similar position as individually-named Plaintiffs and were subject to the same or similar unlawful practices as the individually-named Plaintiffs.  The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Robert Brogden, and potential Plaintiffs may easily and quickly be notified of the pendency of this action.

## COUNT I
## Violation of the Fair Labor Standards Act of 1938
**(Brought on Behalf of All Individual Plaintiffs and All Others Similarly Situated)**

29.  Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 28 above.

30.  At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 et. seq.

31.  The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

5

32. Robert Brogden was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

33. Robert Brogden willfully violated the FLSA by failing to fully and accurately account for hours and overtime hours worked by its employees.

34. In the course of perpetrating these unlawful practices, Robert Brogden has also willfully failed to keep accurate records of all hours worked by its hourly employees.

35. Robert Brogden willfully violated the FLSA by implementing an automatic 30-minute daily deduction for lunch breaks without completely relieving from duty each hourly employee subject to the automatic deduction. Hourly employees subject to the automatic 30-minute deduction were expected to and/or required to perform work duties, whether active or inactive, while eating.

36. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under Section 7(a)(1) of the FLSA. None of the FLSA exemptions apply to Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with Section 7 of the FLSA.

37. The individually-named plaintiffs and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all hourly employees.

38. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Robert Brogden acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

39. Robert Brogden has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA.

40. Alternatively, should the Court find Robert Brogden did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

41. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Robert Brogden from Plaintiffs for which Robert Brogden is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, individually-named Plaintiffs, and all similarly situated employees, demand judgment against Defendant Robert Brogden's Olathe Buick GMC, Inc. and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief the Court deems fair and equitable.

## COUNT II
### Violation of the Kansas Wage Payment Act
**(Brought on Behalf of All Individual Plaintiffs and All Others Similarly Situated)**

42. Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 41 above.

43. Defendant Robert Brogden violated the Kansas Wage Payment Act, K.S.A. § 44-312, et seq., in relevant part, by failing to pay all wages due to Plaintiffs.

44. Plaintiffs have been damaged in an amount to be determined at trial.

WHEREFORE, individually-named Plaintiffs, and all similarly situated employees, demand judgment against Defendant Robert Brogden's Olathe Buick GMC, Inc. and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief the Court deems fair and equitable.

### COUNT III
### Retaliatory Discharge

45. Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 44 above.

46. Plaintiff Ashley Foster engaged in protected activity under the Fair Labor Standards Act by contacting the Kansas Department of Labor, Wage and Hour Division, in connection with her concern that Defendant Robert Brogden's automatic time deduction practice violated FLSA and the Kansas Wage Payment Act.

47. Plaintiff Ashley Foster engaged in protected activity under the Fair Labor Standards Act by informing her employer Robert Brogden that she had contacted the Kansas Department of Labor, Wage and Hour Division, and that she was informed that Robert Brogden's automatic time deduction practice was unlawful.

48. Subsequent to informing Robert Brogden of her communication with the Kansas Department of Labor, Wage and Hour Division, and of her belief that Robert Brogden's automatic time deduction practice was unlawful, Plaintiff Ashley Foster was subjected to adverse employment action.

49. Plaintiff Ashley Foster's employment was terminated by Robert Brogden and such termination would not have occurred, but for her engaging in protected activity under the FLSA.

50. Plaintiff Ashley Foster has been damaged as a result of her wrongful and retaliatory discharge by Defendant Robert Brogden.

WHEREFORE, individually-named Plaintiffs, and all similarly situated employees, demand judgment against Defendant Robert Brogden's Olathe Buick GMC, Inc. and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues triable by jury.

**Dated: February 15, 2017**               Respectfully submitted,

                                         */s/ Amy L. Coopman*
                                         Amy L. Coopman          KS #17314
                                         Christopher R. Mirakian  KS #24450
                                         David W. White          KS #14506
                                         FOLAND, WICKENS, ROPER,
                                          HOFER & CRAWFORD, P.C.
                                         1200 Main Street, Suite 2200
                                         Kansas City, MO 64105
                                         816-472-7474
                                         816-472-6262 Facsimile
                                         acoopman@fwpclaw.com
                                         cmirakian@fwpclaw.com
                                         dwhite@fwpclaw.com
                                         ***ATTORNEYS FOR PLAINTIFFS***

9