IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ASHLEY FOSTER, individually and on behalf
of other similarly situated persons,

            Plaintiff,

v.                                      Case No. 17-2095-DDC

ROBERT BROGDEN'S OLATHE BUICK
GMC, INC.,

            Defendant.

## **ORDER**

Defendant has filed an unopposed motion for leave to file under seal the parties' joint motion for preliminary approval of proposed collection action settlement agreement, including all attached exhibits (ECF No. 33). Because the motion does not mention, let alone analyze, the factors relevant to sealing court filings, the motion is denied.

As the undersigned informed counsel on the telephone yesterday, there is well-settled precedent in the Tenth Circuit and the District of Kansas setting forth the standards applicable to a party's request to seal court documents. "A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records."[1] This right derives from the

---

[1] *Eugene S. v. Horizon Blue Cross Blue Shield*, 663 F.3d 1124, 1135 (10th Cir. 2011); *accord Hatfield v. Price Mgmt. Co.*, No. 04-2563-JWL, 2005 WL 375665, at *1 (D. Kan. Feb. 16, 2005). *See also Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (recognizing, "Courts have long recognized a common-law right of access to judicial

public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[2] "The overriding concern [is] with preserving the integrity of the law enforcement and judicial processes."[3]  To overcome the presumption in favor of open records, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."[4]  This burden is a "heavy" one.[5]

The public's interest in open proceedings generally "outweighs any interest of the parties in keeping confidential the amount of settlement."[6]  "The fact that the parties

---

records," and citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)); *United States v. Apperson*, 642 F. App'x 892, 898 (10th Cir. 2016) ("Courts have long recognized a common-law right of access to judicial records.").

[2] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *accord Booth v. Davis*, Nos. 10-4010-KHV, 10-4011-KHV, 10-4124-KHV, 10-41-4125-KHV, 2016 WL 1170949, at * 1 (D. Kan. March 23, 2016); *Ramirez v. Bravo's Holding Co.*, No. 94-2396, 1996 WL 507238, at *1 (D. Kan. Aug. 22, 1996).

[3] *Apperson*, 642 F. App'x at 899 (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)); *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 754-55 (10th Cir. 2009) (same).

[4] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *accord Booth*, 2016 WL 1170949, at *1.

[5] *Helm*, 656 F.3d at 1292–93.

[6] *McCaffrey v. Mortgage Sources, Corp.*, No. 08-2660-KHV, 2010 WL 4024065, at *2 (D. Kan. Oct. 13, 2010); *accord Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2011 WL 3518172, at *1 (D. Kan. Aug. 11, 2011); *Barnwell v. Corr. Corp. of Am.*, No. 08-2151-JWL, Memorandum & Order (doc. 236), at *6 (D. Kan. Aug. 27, 2009).  *But see Friedland v. TIC-The Indus. Co.*, 566 F.3d 1203, 1205 n.1–2 (10th Cir. 2009) (noting, without analysis, that the settlement sum was filed under seal).

agreed to keep documents confidential, by itself, is insufficient to overcome the public interest in access to the documents."[7]   "That a party's request to seal 'is unopposed or that it refers to material protected from disclosure by a protective order is not, in itself, sufficient basis for this Court to seal.'"[8]

Defendant has not articulated any facts upon which the court could conclude that its interest in keeping the settlement discussions confidential would overcome the public's right of access to the documents.   Defendant's request to seal the documents is therefore denied.

IT IS SO ORDERED.

Dated January 30, 2018, at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[7]*Booth*, 2016 WL 1170949, at *3 (citing *Colony Ins.*, 698 F.3d at 1241-42).

[8]*Stormont-Vail Healthcare, Inc. v. Biomedix Vascular Sols., Inc.,* No. 11-4093, 2012 WL 884926, at *1 (D. Kan. March 14, 2012) (citing *Carefusion 213, LLC v. Prof'l Disposables, Inc.,* No. 09-2616, No. 09-2616, 2010 WL 2653643 at *1 (D. Kan. June 29, 2010)).