# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ASHLEY FOSTER, individually
and on behalf of other similarly
situated persons,

      Plaintiff,

v.

ROBERT BROGDEN'S OLATHE
BUICK GMC, INC.,

      Defendant.

Case No. 17-2095-DDC-JPO

## MEMORANDUM AND ORDER

Plaintiff Ashley Foster, individually and on behalf of other similarly situated persons, filed this lawsuit against defendant Robert Brogden's Olathe Buick GMC, Inc. Plaintiff asserted three claims—two class-based claims and one individual claim. First, plaintiff asserted a Fair Labor Standards Act ("FLSA") collective action claim under 29 U.S.C. § 216(b). Second, plaintiff brought a class action claim under Federal Rule of Civil Procedure 23 for violations of the Kansas Wage Payment Act ("KWPA"), Kan. Stat. Ann. §§ 44-312 to 44-327. Third, plaintiff asserted an individual claim for retaliatory discharge under the FLSA. The parties stipulated to dismissal without prejudice of plaintiff's Rule 23 KWPA claim in a Joint Motion filed February 5, 2018. Doc. 37 at 2. Also, the parties informed the court that they have resolved plaintiff's individual claim of retaliatory discharge.[1] So, only the FLSA collective action claim remains.

The parties have agreed on a class-wide Settlement Agreement ("Agreement") designed to resolve the remaining FLSA collective action claim. On July 31, 2018, the court—after

---

[1] To clean up the docket, the court directs the clerk to deny as moot defendant's Motion for Summary Judgment (Doc. 49), which addresses plaintiff's now-dismissed retaliatory discharge claim.

finding several deficiencies—denied the parties' Joint Motion for Preliminary Approval of Proposed Collective Action Settlement under 29 U.S.C. § 216(b) (Doc. 37) without prejudice. Doc. 43.

In response, the parties have filed a Joint First Supplemental Motion for Preliminary Approval of Proposed Collective Action Settlement (Doc. 48). The parties request the court enter an Order that (1) preliminarily approves the Agreement as fair and reasonable; (2) certifies the FLSA collective action class under the FLSA; (3) preliminarily approves Ms. Foster, the named plaintiff, as the class representative, including preliminary approval of an incentive award to her of $1,200; (4) establishes procedures and schedules deadlines for persons to object to the Agreement; (5) schedules a fairness hearing for a date approximately, but not sooner than, 15 days after the deadline for submitting claims expires. For reasons explained below, the court grants the motion in part and denies the rest.

**I.  Facts**

Plaintiff is defendant's former accounting and human resources employee. Plaintiff filed this lawsuit on her own behalf and all similarly situated employees—*i.e.*, "[a]ll hourly employees subject to Defendant's automatic pay deduction protocol that deducted 30 minutes of time from the employees' daily pay record even when lunch breaks were not taken for the period from March 1-December 31, 2016." Doc. 37 at 2. Plaintiff alleges defendant violated the FLSA by deducting 30 minutes from employees' work time each day for a lunch break, regardless of whether employees took a 30-minute break or, instead, worked through those breaks.

In November 2017, the parties engaged in mediation, and the parties agreed in principle to settle the FLSA collective action claim. Doc. 26. And, on January 29, 2018, the parties

executed their Agreement, memorializing the proposed settlement of the collective action claim. Doc. 37-1.

Under the proposed Agreement, defendant would pay an all-inclusive, non-reversionary payment of $12,000. The payment creates a common fund, and it would provide the settlement's proceeds for all putative class members who choose to opt-in to the deal. Thirty-five employees comprise the proposed class; but, based on exhibits calculating payments to the class, just 14 employees are entitled to payment. The calculated amount due to the putative class is $3,042.45. Doc. 48-2 at 1. The common fund would pay all costs for class notice, notice of settlement, calculation of settlement payments, payments to the Settlement Administrator, and any other costs for settlement administration. Doc. 48-4 at 5.

The Agreement also provides a payment procedure. Once the court approves the Agreement preliminarily, the parties will send Notices to each putative collective action plaintiff, allowing each member to opt-in to the Agreement within 21 days. To receive a payment, each opt-in plaintiff must sign a release waiving all claims asserted by plaintiff's Complaint. And, the Notice will explain the key terms of the Agreement and provide opt-in plaintiffs an opportunity to object to the Agreement. The parties then will move the court to schedule a final fairness and approval hearing. If the court approves the Agreement, the settlement administrator will distribute payments.

On February 5, 2018, the parties filed this Agreement with the court and moved the court jointly, asking the court to approve the Agreement preliminarily. Doc. 37 at 1. The court conditionally certified the proposed class; approved the form, content, and method of notice outlined in the Agreement; and approved Roberta Ranes as settlement administrator. Doc. 43 at 5, 14–15. But, the court otherwise denied the parties' motion because they had shown neither

that a bona fide dispute existed nor that the settlement was fair and equitable. *Id.* at 6, 9. The court also declined to approve an attorneys' fee award or a service payment award to plaintiff. *Id.* at 15.

On September 14, 2018, the parties filed their Joint First Supplemental Motion for Preliminary Approval of Proposed Collective Action Settlement. Doc. 48. Having scrutinized the Agreement in light of the court's July 31 Order, the court preliminarily approves the settlement as fair and reasonable. Because the court already certified the class conditionally, it denies as moot the parties' request to certify the FLSA collective action. The court preliminarily designates Ms. Foster as class representative, but the court, for reasons explained in this Order, preliminarily denies the parties' proposed incentive payment to Ms. Foster. And, the court authorizes the parties to submit a revised Notice and Claim Form that (a) incorporates procedures for opt-in plaintiffs to object to the Agreement, and (b) ensures fairness to putative plaintiffs. Once the parties submit these revisions, the court will schedule a fairness hearing.

**II.    Legal Standard**

Under the FLSA, employees may bring private actions against their employers to recover damages for unpaid minimum wages or overtime pay on their own behalf and for "other employees similarly situated." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (quoting 29 U.S.C. § 216(b)); *Castaneda v. JBS USA, LLC*, 819 F.3d 1237, 1245 (10th Cir. 2016) (quoting 29 U.S.C. § 216(b)). Generally, employees cannot waive FLSA rights, so the parties must permit the court to review the proposed settlement of those claims and determine whether the settlement is fair and reasonable. *See Barbosa v. Nat'l Beef Packing Co.*, No. CIV.A. 12-2311-KHV, 2015 WL 4920292, at *3 (D. Kan. Aug. 18, 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). To approve a proposed

4

settlement, the court must find, first, that the case involves a bona fide dispute and, second, that the proposed settlement is fair and equitable to all parties concerned. *Peterson v. Mortg. Sources, Corp.*, No. CIV.A. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores*, 679 F.2d at 1353). Where the parties reach a settlement before the court makes a final collective action ruling, the court must make certain final class certification findings before it can approve the settlement. *Id.* at *5 (citations omitted).

Here, the parties ask the court to approve their Agreement preliminarily before any collective action plaintiffs have received notice and the opportunity to opt-in to the lawsuit. This is unusual. Generally, parties provide the putative collective action plaintiffs with notice after the court conditionally certifies the class. *See, e.g.*, *Symczyk*, 569 U.S. at 75 ("The sole consequence of [FLSA] conditional certification is the sending of court-approved written notice to employees[.]"); 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1807 (3d ed. 2018) ("If conditional certification is granted, notice is authorized."). But, the court already has conditionally certified a class. Doc. 43 at 6. Instead of sending notice, the parties' current motion seeks preliminary approval of their Agreement. And, the Agreement itself includes a procedure to notify putative collective action plaintiffs *after* the court approves the Agreement preliminarily.

Our court considered this issue in the context of *final* approval of settlement agreements before putative class members have opted-in. *See Shepheard v. Aramark Unif. & Career Apparel, LLC*, No. 15-7823-DDC-GEB, 2016 WL 5817074 (D. Kan. Oct. 5, 2016). There— much like here—two plaintiffs sought to represent an FLSA collective action of employees, alleging, *inter alia*, that the defendant employer "violated the FLSA by deducting 30 minutes from their work time every day for a meal break regardless of whether employees actually took a

30 minute meal break and even though employees instead worked during the purported meal breaks." *Shepheard*, 2016 WL 5817074, at *1. The two plaintiffs and the defendant sought final approval of a settlement agreement, but the court had not yet conditionally certified the class; the putative collective action plaintiffs had not received notice; and, thus, the putative plaintiffs had yet to receive an opportunity to opt-in. *Id.* The court explained the problems with this approach: "(1) approving the settlement for a named plaintiff would moot the FLSA lawsuit, given the opt-in nature of the collective action, and (2) a named plaintiff has no authority to settle claims for plaintiffs who have not opted in." *Id.* (collecting cases); *see also Perez v. Avatar Props., Inc.*, No. 607-CV-792-ORL-28DAB, 2008 WL 4853642, at *4 (M.D. Fla. Nov. 6, 2008) (settling all claims "before the representative plaintiff has any indication as to exactly what [the] claims are and how many others he will actually represent" puts "the proverbial cart before the horse"). So, the court adopted the following procedure:

> [T]he parties may file a motion seeking preliminary approval of their collective action settlement. Such a motion should ask the court to: (1) conditionally certify the proposed settlement class; (2) preliminarily approve the proposed settlement; and (3) approve a proposed notice to the putative class members. If the parties submit these materials and the court approves the parties' recommended procedure, it will order the parties to send the approved notice to the putative class members and establish a time period during which putative class members may opt-in to the lawsuit. When that period expires, the parties again may move for final approval of the proposed settlement, the attorney's fee award, and the service awards.

*Shepheard*, 2016 WL 5817074, at *3 (first citing *Copeland-Stewart v. New York Life Ins. Co.*, No. 8:15-CV-159-T-23AEP, 2016 WL 231237, at *4 (M.D. Fla. Jan. 19, 2016); then citing *Cerrato v. All. Material Handling, Inc.*, No. CIV. WDQ-13-2774, 2014 WL 1779823, at *2 (D. Md. Apr. 30, 2014)).

6

In piecemeal fashion, the court already has approved two of the three requirements. The court conditionally certified the proposed Settlement Class in its July 31 Order.[2] Doc. 43 at 5. And, the court approved a proposed notice to putative collective action plaintiffs.[3] *Id.* at 14. So, the court now considers whether it should approve the Agreement preliminarily as fair and reasonable. The court approves the Agreement preliminary as fair and reasonable for reasons explained, below. But it denies the parties' request to approve other aspects of the parties' motion.

### III. Analysis

The parties ask the court to enter an Order that does the following: (1) preliminarily approves the Agreement as fair and reasonable; (2) certifies the FLSA collective action class under the FLSA; (3) preliminarily approves Ms. Foster, the named plaintiff, as the class representative, including a preliminary approval of an incentive award to her for $1,200; (4) establishes procedures and schedules deadlines for persons to object to the Agreement; and (5) schedules a fairness hearing for a date approximately, but not sooner than, 15 days after the deadline for submitting claims.

#### A. The Proposed Settlement

When parties settle FLSA claims, they must present the settlement to the court and it must decide whether the settlement is fair and reasonable. *Tommey v. Comput. Scis. Corp.*, No. 11-CV-02214-EFM, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015); *see also Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 5306273, at *2 (D. Kan. Oct. 29, 2012)

---

[2] The class here includes "[a]ll hourly employees subject to Defendant's automatic pay deduction protocol that deducted 30 minutes of time from the employees' daily pay record even when lunch breaks were not taken for the period from March 1–December 31, 2016." Doc. 43 at 5.

[3] The court approved the form, content, and method of notice, as outlined in the Agreement. Doc. 43 at 14. But, now reviewing the actual Notice and Claim Form again, the court detects errors in both and directs the parties to make several changes before mailing these documents to putative collective action plaintiffs. *See* Section III.D.

["*Gambrell II*"] (explaining that "[w]hen employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable" (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353)). To approve an FLSA settlement, the court must determine whether (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties, and (3) the proposed settlement contains an award of reasonable attorneys' fees. *Barbosa*, 2015 WL 4920292, at *5 (citing *McCaffrey v. Mortg. Sources, Corp.*, No. CIV.A. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011)); *see also Hernandez v. Earth Care, Inc.*, No. CV 15-5091, 2016 WL 1461171, at *2 (E.D. Pa. Apr. 13, 2016) ("The purpose of having a preliminary stage is to ensure that there are no obvious deficiencies in the settlement that would preclude final approval.") (citations omitted)).

1. **Bona Fide Dispute**

To establish a bona fide dispute, the parties should provide the following: "(1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage." *McCaffrey*, 2011 WL 32436, at *4.

a. **A description of the nature of the dispute**

In its July 31 Order, the court found the parties had satisfied this requirement. Plaintiff claims defendant failed to pay her and putative collective action plaintiffs fully and fairly

because of an automatic pay deduction protocol. Plaintiff alleges this pay deduction protocol deducted 30 minutes from every hourly employee's daily pay record, even if the employee did not take a lunch break. Defendant denies these allegations. Doc. 43 at 1–2.

### b. A description of the employer's business and the type of work performed by the employees

The parties put forth the following: Defendant operates a car dealership in Olathe, Kansas. Defendant employed plaintiff as an accountant and human resources employee. Plaintiff worked as a clerical hourly employee. The parties have submitted Exhibit A, a list of putative collective action plaintiffs, which includes their employee numbers; titles; and amounts allegedly owed from defendant's pay deduction protocol. Doc. 48-2 at 1.

### c. The employer's reasons for disputing the employees' right to a minimum wage or overtime

Defendant disputes claims allegations for several reasons: (1) defendant paid plaintiff fully; (2) defendant acted in good faith, believing the company acted in compliance with the FLSA and the KWPA; (3) plaintiff seeks wages for non-compensable time under the FLSA; (4) plaintiff's recovery should be limited or barred because the time worked was *de minimis*; (5) plaintiff cannot satisfy the FLSA's requirements; and, (6) the action is time-barred.

### d. The employees' justification for the disputed wages

Plaintiff alleges that defendant's automatic 30-minute deduction protocol deprived employees of pay who had worked through lunch or otherwise had not taken a lunch break. Plaintiff also alleges that the Kansas Department of Labor, Wage and Hour Division informed her that defendant's deduction protocol was unlawful.

### e. If the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage

Defendant contends that no wages are owed. But, the parties provide a chart, which identifies employees' names, numbers, titles, and alleged amounts due.

Collectively, the court finds these assertions suffice to establish a bona fide dispute for purposes of preliminary approval. *See Gambrell II*, 2012 WL 5306273, at *4 (finding a bona fide dispute when the parties disputed "whether all work hours were recorded and whether defendant properly compensated [class members] for overtime hours worked").

### 2. Fair and Equitable

To determine whether the proposed settlement is fair and equitable, the court considers the factors specified in Fed. R. Civ. P. 23(e). *Gambrell II*, 2012 WL 5306273, at *4. The court thus considers the following: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Id.* (citing *McCaffrey*, 2011 WL 32436, at *5); *see also Jackson v. Ash*, No. 13-2504-EFM-JPO, 2015 WL 751835, at *2 (D. Kan. Feb. 23, 2015). These factors do not exclude consideration of other appropriate circumstances. *Id.* (citing *McCaffrey*, 2011 WL 32436, at *5). The court also must consider "factors relevant to history and policy of the FLSA." *Id.* (citation omitted).

The relevant factors do not commission the court to "'conduct a foray into the wilderness in search of evidence that might undermine the conclusion that the settlement is fair.'" *Jackson*, 2015 WL 751835, at *2 (quoting *Gottlieb v. Wiles*, 11 F.3d 1004, 1015 (10th Cir. 1993), *abrogated on other grounds by Devlin v. Scardelletti*, 536 U.S. 1 (2002)). "But the court also

may not 'rely solely upon the assertions of the proponents of the settlement [about] what the evidence shows.'" *Id.* (quoting *Gottlieb*, 11 F.3d at 1015). Instead, the court must undertake "an independent analysis of 'the evidence *before* it' to reach its conclusion." *Id.* (quoting *Gottlieb*, 11 F.3d at 1015). "The proponents of the settlement bear the burden to provide sufficient evidence to enable the court to conclude that the settlement is fair." *Id.* (citing *Gottlieb*, 11 F.3d at 1015).

In its July 31 Order, the court found the parties had satisfied the first and fourth factors. Doc. 43 at 8–9. The court thus considers the second and third factors, below.

On the second factor, the court finds that serious questions of law and fact exist. The parties identify 16 questions of law and fact that purportedly place the ultimate outcome of the litigation in doubt. Doc. 48 at 6–7. For example, the parties dispute the vitality of the defenses raised—*e.g.*, whether plaintiff's claims are barred or limited under the FLSA. And, as a question of fact, the parties dispute whether defendant compensated plaintiff and putative class members for all hours worked.

On the fourth factor, the court finds that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. The parties contend that the putative collective action class is relatively small—*i.e.*, no more than 14 employees deserve payment. And, they assert, the recovery for each putative plaintiff is relatively small—*i.e.*, between them, the total owed is $3,042.45. Plaintiff's claim, for example, is for $84.32. The parties contend that settling at this stage will avoid costly litigation.

The court thus finds—for the purposes of preliminary approval—that the proposed settlement is fair and reasonable. Unlike a Rule 23 "opt-out" settlement, only plaintiffs who affirmatively choose to opt-in will release their claims against defendant. But, the court

withholds final approval of the Agreement until opt-in plaintiffs have had an opportunity to object.

### 3. Reasonable Attorneys' Fees

The FLSA requires the parties submitting a settlement agreement to include an award of reasonable attorneys' fees and the costs of the action. 29 U.S.C. § 216(b); *see also McCaffrey*, 2011 WL 32436, at *2 (citing *Lee v. The Timberland Co.*, No. C 07-2367-JF, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008)). The court has discretion to determine the amount and reasonableness of the fee, but, under the FLSA, a fee award is mandatory. *Barbosa*, 2015 WL 4920292, at *4 (citations omitted).

The Agreement provides that the attorneys' fees award will not exceed one-third of the collective action settlement payment of $12,000. And, the parties will submit a specific request for attorneys' fees and costs before final approval of the Agreement. "In situations such as this, where the Proposed Settlement creates a common fund, attorneys' fees of one-third or thereabouts are generally deemed reasonable." *Thompson v. Qwest Corp.*, No. 17-CV-1745-WJM-KMT, 2018 WL 2183988, at *3 (D. Colo. May 11, 2018). The court noted in its July 31 Order that "the proposed settlement requires plaintiff's counsel to submit a request for attorneys' fees 10 days before the fairness hearing. While this approach isn't forbidden, it will complicate the court's analysis." Doc. 43 at 10. For notice purposes only, the court approves this factor preliminarily, but any final approval will require counsel to submit information that will allow the court to apply the Tenth Circuit's hybrid approach. *See McCaffrey*, 2011 WL 32436, at *5 (denying final approval of proposed attorneys' fees because "counsel provide[d] no information regarding the amount of time spent or a reasonable hourly rate for each attorney").

B.  **Certification of The Collective Action Class**

The parties ask the court to certify the collective action. It is unclear whether the parties request conditional or final certification of the class. The court conditionally certified the collective action in its July 31 Order. Doc. 43 at 5. And, final certification is premature. The court thus denies this aspect of the parties' motion.

C.  **Preliminary Approval of Class Representative and Incentive Award**

Next, the parties ask that the court preliminarily approve Ashley Foster, the named plaintiff, as the class representative. The court designates Ms. Foster as class representative. The parties then ask the court to approve—again preliminarily—a $1,200 incentive payment to Ms. Foster. The court must examine any proposed service payment to determine whether it is fair and reasonable. *See Tommey*, 2015 WL 1623025, at *2–3; *Grove v. ZW Tech, Inc.*, No. 11-2445-KHV, 2012 WL 1789100, at *7 (D. Kan. May 17, 2012); *see also Thompson*, 2018 WL 2183988, at *3 ("The reasonableness of a service award to a named Plaintiff is not generally listed as a factor to consider when deciding whether to approve a settlement. Nonetheless, 'reasonable incentive payments' have become common for class representatives and, apparently by analogy, for FLSA named plaintiffs as well.") (internal citations omitted). The parties contend that Ms. Foster took a risk by representing the class; advocated for the interests of the putative plaintiffs; and provided valuable assistance to plaintiff's counsel during the mediation. According to the parties, Ms. Foster invested about 26 hours in the case. This showing satisfies the court. But, our court has found that $20 per hour is a reasonable incentive fee. *Peterson*, 2011 WL 3793963, at *8 (citing *In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1271 (D. Kan. 2006)). Under these cases, the court would reduce the incentive award to $520. And the

court finds no reason to increase the incentive fee by more than double. Accordingly, the court preliminarily denies a $1,200 incentive fee for Ms. Foster.

> **D. Establish Procedures for Opt-In Members to Object to Agreement and Schedule a Fairness Hearing**

The parties also ask the court to establish procedures for opt-in collective action plaintiffs to object. This requires the court to recommend some changes to the Notice. Although the court approved the form, contents, and method of Notice as outlined in the Agreement in its July 31 Order, the court since has identified several aspects of the actual Notice and Claim Form that raise questions about the fairness and adequacy of their content. *See Gambrell v. Weber Carpet, Inc.*, No. CIV.A. 10-2131-KHV, 2010 WL 5288173, at *2 (D. Kan. Dec. 17, 2010) ("Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiffs' proposed notice unless such alteration is necessary."). The court thus directs the parties—if they choose to proceed with their settlement—to submit revised Notice and Claim Forms that contain procedures for opt-in members to object, as well as the changes identified, below.

> **1. The Claim Form**

The court directs the parties to revise the following parts of the Claim Form (Doc. 37-4):

- Opt-in plaintiffs must be given the opportunity to object. *See Stubrud v. Daland Corp.*, No. 14-2252-JWL, 2015 WL 5093250, at *1 (D. Kan. Aug. 28, 2015) ("Although the FLSA does not require a fairness hearing like that required for settlements of class actions brought under Federal Rule of Civil Procedure 23, many courts have determined that fairness hearings should be held unless the parties notify the court that the opt-in plaintiffs had notice of the settlement and an opportunity to object." (citing *Tommey*, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015) (further citation omitted)). The Claim Form does not allow opt-in plaintiffs to object. Doc. 37-4 at 1. So, the court recommends the parties remove this language: "Instead of making this claim, you can also choose not to be a member of the class by completing and returning the RED form, and then you can object to the settlement by following the instructions for objection in the Notice that came with this form." *Id.* at 1. The court recommends the parties replace this sentence with the following language: "If you believe that this settlement is unfair,

14

disagree with its terms, or wish to object to the nature of the settlement, in whole or in part, mail your written objection to [Claim Administrator]. You may also appear at a Fairness Hearing to object in person. The hearing will be held on [Date] at [Time] at the [Location]."

- Change "CLAIM YOUR MONEY BY SIGNING IN ONE OR BOTH OF THE SPACES BELOW" because the form only has one place for putative collective action plaintiffs to sign. Doc. 37-4 at 1.

- Remove "(YOU WILL BE PAID AUTOMATICALLY FOR THESE DAMAGES UNDER STATE LAW UNLESS YOU DECIDE TO OPT-OUT OF THE STATE LAW CLAIMS)." Doc. 37-4 at 1. This case presents no state law claims. And, this is an FLSA "opt-in" claim, not a Rule 23 "opt-out" claim.

- Replace "Star Farms, Inc. and Angela Palombo" with the correct parties. Doc. 37-4 at 1.

- Change "You must return this form on or before this date to not be part of the claim for misclassification and overtime" to "You must return this form on or before this date to be part of the claim for unpaid wages." Doc. 37-4 at 2.

   2. **The Notice**

The court directs the parties to revise the following parts of the Notice (Doc. 37-3):

- To close the parenthetical shown on page 1, a parenthesis should be appended to the end of "Make a Claim For Automatic Lunch Break Deductions." Doc. 37-3 at 1.

- Replace "1. CLAIMING MONEY FOR LUNCH DEDUCTIONS" with "1. CLAIMING MONEY UNDER FEDERAL LAW FOR LUNCH DEDUCTIONS," to match the Claim Form. Doc. 37-3 at 1.

- Replace "Send a letter to the Court about why object to the settlement" to "Send a letter to the Court about why you object to the settlement." Doc. 37-3 at 2.

- The Notice states the following in the "Do Nothing" section: "Keep your right to make a claim for lunch deductions under the federal Fair Labor Standards Act but receive no payment for misclassification or overtime under federal IRS law or Colorado state law (which are the majority of plaintiffs' monetary claims)." Doc. 37-3 at 2. The court directs the parties to revise this section to comport with the facts of this case and its status, *i.e.*, its only remaining claim is an FLSA claim.

- Also, in the "Do Nothing" section, the court directs the parties to note that putative class members may keep their rights "subject to the applicable statute of limitations." Doc. 37-3 at 2. "Unlike Rule 23 class actions, the commencement of an FLSA collective action does not toll the statute of limitations for putative class members automatically." *Koehler v. Freightquote.com, Inc.*, 93 F. Supp. 3d 1257, 1266 (D. Kan. 2015). The limitations

15

period for each putative class member is three years (because plaintiff alleges that
defendant willfully violated the FLSA) before the date the class member opts into the
action. *Id.* (quoting 29 U.S.C. § 255(a)). Given that the alleged violations occurred in
2016, the court recommends that putative plaintiffs should receive notice that the
proposed settlement may be their only meaningful way to vindicate their FLSA claims.

- The Notice should notify putative plaintiffs by what date they must opt-in. *See Koehler v. Freightquote.com, Inc.*, No. 12-2505-DDC-GLR, 2016 WL 1403730, at *8 (D. Kan. Apr. 11, 2016).

- Under the "What does the Settlement Agreement say?" section, the court questions the parties' statement that the "estimate is that approximately $7,550.00 will be available to pay to the class members after all the other payments are made." Doc. 37-3 at 3. The Settlement Fund is $12,000. Attorneys' fees comprise as much as a third of that amount, so $8,000 remains. Perhaps the court could presume that the parties could cover *all* additional costs for $450, but this outcome seems unlikely—especially because the parties request an incentive award of $1,200 for Ms. Foster.

Last, the court considers the parties' request to schedule a fairness hearing. Because of the above deficiencies, the court respectfully declines this request.[4]

## IV. Conclusion

For the reasons explained above, the court preliminarily approves the Agreement as fair and reasonable. Because the court already has certified the class conditionally, it denies the parties' request to certify the FLSA collective action. The court preliminarily designates Ms. Foster as class representative, but the court preliminarily denies the parties' proposed incentive payment to Ms. Foster. And, the court directs the parties—if they wish to proceed with their settlement—to submit a revised Notice and Claim Form; it should incorporate procedures for opt-in plaintiffs to object to the Agreement, as well as other recommended changes ensuring

---

[4] A fairness hearing is not mandatory. *See Tommey*, 2015 WL 1623025, at *1 ("Section 216(b) of the FLSA does not require a fairness hearing like that required for settlements of class actions brought under Fed. R. Civ. P. 23. However, when a hearing is not requested, the plaintiff, at the very least, must notify the court that the opt-in plaintiffs had notice of the settlement and an opportunity to object."). The court proceeds under the assumption the parties will request a fairness hearing after updating the Claim Form and Notice. But, should the parties proceed without requesting a fairness hearing, the court directs the parties to remove the fairness hearing information included in the court-directed changes to the Claim Form on pages 14–15.

fairness to putative plaintiffs. Upon submission and approval, the court will then consider scheduling a fairness hearing.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' Joint Supplemental Motion for Preliminary Approval of Proposed Collective Action Settlement (Doc. 48) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** the court preliminarily approves the Settlement Agreement as fair and reasonable.

**IT IS FURTHER ORDERED THAT** because the court already certified the class conditionally, it denies the parties' request to certify the FLSA collective action.

**IT IS FURTHER ORDERED THAT** the court preliminarily designates Ms. Foster as class representative, but the court preliminarily denies the parties' proposed incentive payment to Ms. Foster.

**IT IS FURTHER ORDERED THAT** the parties may submit to the court a revised Notice and Claim Form, which incorporates procedures for opt-in plaintiffs to object to the Agreement, as well as other recommended changes ensuring fairness to putative plaintiffs within 30 days of this Order. Upon submission and approval, the court will then consider scheduling a fairness hearing if requested by the parties.

**IT IS FURTHER ORDERED THAT** the court denies defendant's Motion for Summary Judgment (Doc. 49) as moot.

**IT IS SO ORDERED.**

**Dated this 28th day of February, 2019, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**