# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ASHLEY FOSTER, individually and on behalf of other similarly situated persons,

    Plaintiffs,

v.

ROBERT BROGDEN'S OLATHE BUICK GMC, INC.,

    Defendant.

Case No. 17-2095-DDC-JPO

## MEMORANDUM AND ORDER

Plaintiff Ashley Foster, individually on behalf of herself and others similarly situated, filed this lawsuit against defendant Robert Brogden's Olathe Buick GMC, Inc. She alleges that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. Doc. 1. This matter comes before the court on the parties' "Joint Motion for Approval [ ] of Fair Labor Standards Act Settlement" (Doc. 62).

The court denies the motion because the parties haven't submitted information sufficient for the court to make a final class certification finding. But the court does so without prejudice to the parties' refiling of a renewed motion containing the required information. **The court orders the parties to file a renewed motion by December 20, 2019.**

### I. Background

Plaintiff is defendant's former employee. She represents a collective class of employees who have filed a putative collective action claim for alleged FLSA violations. They assert that defendant failed to record accurately all time that hourly employees worked, and arbitrarily deducted hours allegedly not worked.

Plaintiffs filed their Complaint on February 15, 2017. Doc. 1. The parties participated in mediation on November 21, 2017 and reached an agreement to resolve the collective action claims. Doc. 62-1 at 2. The parties later executed a Settlement and Release Agreement ("the Settlement Agreement") memorializing the terms of their settlement. Doc. 62-1. On July 31, 2018, the court conditionally certified the collective action. Doc. 43 at 15. On February 28, 2019, the court preliminarily approved the Settlement Agreement as fair and reasonable. Doc. 55 at 11. And, the court provided the parties with instructions to satisfy the remaining steps before final approval of their agreement. *See generally* Doc. 55. The parties' current motion asks the court to approve the settlement. But, the parties do not address final class certification. And, as explained in the February 2019 Order and the July 2018 Order, the court has not made a final class certification finding. *Id.* at 13; Doc. 43 at 5.

**II.    Legal Standard**

    **A.  FLSA Collective Action Settlement**

The parties to an FLSA action must present a settlement of those claims to the court for review and a determination that the settlement is fair and reasonable. *Barbosa v. Nat'l Beef Packing Co., LLC.*, No. 12-2311-KHV, 2015 WL 4920292, at *3 (D. Kan. Aug. 18, 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). "To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned." *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1354).

The court may enter a stipulated judgment in an FLSA action "only after scrutinizing the settlement for fairness." *Id.* (citing *Peterson v. Mortg. Sources*, *Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011)); *see also Tommey v. Comput. Scis. Corp.*, No. 11-

CV-02214-EFM, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015) (citation omitted). "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation." *Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 5306273, at *2 (D. Kan. Oct. 29, 2012) (citing *Lynn's Food Stores*, 679 F.2d at 1354).

Also, when parties settle FLSA claims before the court has made a final certification ruling, the court must make a final class certification finding before it can approve an FLSA collective action settlement. *Barbosa*, 2015 WL 4920292, at *3 (citing *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *3 (D. Kan. Jan. 5, 2011)).

### B. Attorneys' Fees Under the FLSA

The FLSA requires the parties to include in the settlement agreement an award of reasonable attorneys' fees and the costs of the action. 29 U.S.C. § 216(b); *see also McCaffrey*, 2011 WL 32436, at *2 (citing *Lee v. The Timberland Co.*, No. C 07-2367-JF, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008)). The court has discretion to determine the amount and reasonableness of the fee, but a FLSA fee award is mandatory. *Barbosa*, 2015 WL 4920292, at *4 (citations omitted).

### III. Analysis

The parties have filed a joint motion, asking the court to approve their collective action settlement. But the parties have not provided enough information for the court to approve the Settlement Agreement. For reasons explained below, the court denies final collective action certification. Next, the court preliminarily approves the proposed Settlement Agreement, but

reduces the service award for the named plaintiff to $520.  Finally, the court preliminarily approves the requested $4,000 in attorneys' fees for plaintiffs' counsel.

### A. Final Collective Action Certification

Because the parties have settled their FLSA claims before the court made a final certification ruling, the court must enter a final class certification finding *before* it can approve the settlement.  *See Barbosa*, 2015 WL 4920292, at *3 (citing *McCaffrey*, 2011 WL 32436, at *3).  The FLSA provides that an employee may bring a collective action on behalf of other employees who are "similarly situated."  29 U.S.C. § 216(b).  To determine whether plaintiffs are "similarly situated" for purposes of final collective action certification, the court considers several factors.  They include: "(1) the disparate factual and employment settings of individual plaintiffs; (2) various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations."  *Gambrell*, 2012 WL 5306273, at *3 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001)).

The court granted conditional class certification on July 31, 2018.  Doc. 43 at 5.  In that Memorandum and Order, the court noted that before it could approve the parties' collective action settlement, the parties must present facts capable of supporting final certification under *Thiessen*'s three factors.  *Id.*  On February 28, 2019, the court denied the parties' request to certify the collective class.  Doc. 55 at 13.  The parties' current motion does not address final certification.  It does properly establish that 14 class members now have been notified and ten have opted-in.  Doc. 62 at 3.  Still, the court cannot approve the settlement without a making a final class certification finding under the three *Thiessen* factors.  So, the court denies the parties' joint motion seeking approval of the settlement but without prejudice to refiling.  The parties are directed to submit information to the court about "(1) the disparate factual and employment

4

settings of individual plaintiffs; (2) various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Gambrell*, 2012 WL 5306273, at *3 (citing *Thiessen*, 267 F.3d at 1103).

### B. FLSA Collective Action Proposed Settlement

The parties ask the court to approve the proposed Settlement Agreement (Doc. 62-1). As explained above, when parties settle FLSA claims, they must present the settlement to the court to review and decide whether the settlement is fair and reasonable. *Tommey*, 2015 WL 1623025, at *1; *see also Gambrell*, 2012 WL 5306273, at *2 (citing *Lynn's Food Stores*, 679 F.2d at 1352) ("When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable."). To approve an FLSA settlement, the court must determine whether: (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties, and (3) the proposed settlement contains an award of reasonable attorneys' fees. *Barbosa*, 2015 WL 4920292, at *5 (citing *McCaffrey*, 2011 WL 32436, at *2). The court addresses each consideration below.

#### 1. Bona Fide Dispute

The court already has found that a bona fide dispute exists. Doc. 55 at 8–10. The parties provided the court with information about the nature of the dispute; a description of the employer's business and type of work performed by employees; the employer's reasons for disputing the employees' right to a minimum wage or overtime; the employees' justification for the disputed wages; and each party's estimate of the number of hours worked and the applicable wage. *See McCaffrey*, 2011 WL 32436, at *4. Based on these assertions, the court concluded that a bona fide dispute exists in this case. Doc. 55 at 10.

### 2. Fair and Equitable

The court has preliminarily approved the proposed settlement as fair and equitable. Doc. 55 at 11–12. But, the court withheld final approval of the Settlement Agreement until opt-in plaintiffs had an opportunity to object to the settlement. *Id.* The parties now assert that all fourteen of the class members have been notified of the settlement. Doc. 62 at 3. Ten have affirmatively opted-in to the settlement. Doc. 62 at 3; Doc. 62-3 at 3. Four opt-in plaintiffs have failed to respond that they intend to claim their allotted portion of the settlement fund. Doc. 62-3 at 1. None have objected to the settlement. *Id.* at 2. Since no opt-in plaintiffs have objected to the Settlement Agreement, the court approves the settlement as fair and equitable, pending final class certification.

### 3. Service Award

The court also must examine any service award payments and determine whether they are fair and reasonable. *See Tommey*, 2015 WL 1623025, at *2; *Grove v. ZW Tech, Inc.*, No. 11-2445-KHV, 2012 WL 1789100, at *7 (D. Kan. May 17, 2012); *see also Thompson v. Quest Corp.*, No. 17-CV-1745-WJM-KMT, 2018 WL 2183988, at *3 (D. Colo. May 11, 2018) ("The reasonableness of a service award to a named Plaintiff is not generally listed as a factor to consider when deciding whether to approve a settlement. Nonetheless, reasonable incentive payments have become common for class representatives and, apparently by analogy, for FLSA named plaintiffs as well." (internal citations omitted)).

In its February 28, 2019 Memorandum and Order, the court preliminarily denied the parties' request for a $1,200 service award to Ms. Foster, the named plaintiff. Doc. 55 at 13–14. According to the parties, Ms. Foster invested about 26 hours in the case. The court preliminarily denied a $1,200 award because "our court has found that $20 per hour is a reasonable incentive

fee." Doc. 55 at 13 (citing *Peterson*, 2011 WL 3793963, at *8) (citation omitted). The court's Order stated it would reduce the award to $520 to reflect this rate, multiplied by the hours Ms. Foster invested in the case. *Id.*

The parties now ask for a service award of $1,040 for Ms. Foster. The parties apparently misapprehended the court's prior Memorandum and Order (Doc. 55). Rather than proposing a $520 award, as the court preliminarily indicated it would approve, they doubled that amount. They provide no explanation for this calculation, other than to say $1,040 is "26 hours times $20/hour = $520, doubled." Doc. 62 at 2. The court denied the previous $1,200 fee request because it was more than double the reasonable rate of $20/hour. Finding no reason to double the standard amount, the court again reduces Ms. Foster's award to $520.

**C. Attorneys' Fees**

Plaintiffs' counsel seeks an award of $4,000 in attorneys' fees, costs, and expenses. Doc. 62 at 3. The attorneys' fee amount represents one-third of the common fund. A percentage fee from a common fund award "must be reasonable and . . . the district court must articulate specific reasons for fee awards demonstrating the reasonableness of the percentage and thus the reasonableness of the fee award." *Barbosa*, 2015 WL 4920292, at *7 (citing *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988)).

To determine the fee award's reasonableness, "[t]he Tenth Circuit applies a hybrid approach, which combines the percentage fee method with the specific factors traditionally used to calculate the lodestar." *Id.* (first citing *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995); then citing *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994)). This method requires the court to calculate a lodestar amount, "which represents the number of hours reasonably expended multiplied by a reasonable hourly rate." *Solis v. Top Brass, Inc.*, No. 14-

7

cv-00219- KMT, 2014 WL 4357486, at *4 (D. Colo. Sept. 3, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (further citation omitted)); *see also Hobbs v. Tandem Envtl. Sols., Inc.*, No. 10-1204-KHV, 2012 WL 4747166, at *3 (D. Kan. Oct. 4, 2012). The hybrid approach also requires the court to consider the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Those factors are: (1) time and labor required; (2) novelty and difficulty of the questions presented in the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Barbosa*, 2015 WL 4920292, at *8 (first citing *Rosenbaum*, 64 F.3d at 1445; then citing *Johnson*, 488 F.2d at 717–19).

The court analyzes these factors below.

### 1. Time and Labor Required

Plaintiffs' counsel represents that they have spent more than 170 hours working on this matter. The tasks involved fact investigation, reviewing documents produced by collective action members and defendant, analyzing defendant's payroll and delivery data, communicating with the opt-in plaintiffs, negotiating the settlement, preparing documents for the court's approval, and allocating the common fund for the opt-in plaintiffs. The court finds that the time counsel recorded on this matter is justified.

Plaintiffs' counsel provides an hourly rate for the timekeepers who recorded time to this matter. Attorneys David White and Amy Coopman billed the majority of hours recorded to this

matter. Plaintiffs assert that Mr. White's standard hourly rate is $550 per hour and Ms. Coopman's standard hourly rate is $400 per hour. These rates are significantly more than the rates recorded in this matter. *See* Doc. 62-2 at 7. Counsel asserts they expended more than $23,000 worth of attorney and paralegal time—at a reduced hourly rate—and spent $3,484.13 on costs. Doc. 62-2 at 7. Counsel is requesting $4,000 based on the contingency fee agreement. The court concludes this factor favors approval of the fee award.

### 2. Novelty and Difficulty of the Questions Presented

Plaintiffs' counsel asserts that wage and hour cases such as this one "present significant and novel challenges requiring skill and expertise to litigate them." Doc. 62 at 5. Counsel does elaborate on those challenges. And the total amount of hours billed should reflect the novelty and difficulty of any questions presented. The court already has taken this factor into account above. The court thus finds this factor is neutral in its analysis.

### 3. Skill Requisite to Perform the Legal Service Properly

Mr. White and Ms. Coopman have more than 50 years of combined experience in labor, employment, and employee benefits cases. Both devoted substantial time to this case. The court finds that this factor favors approval of the requested fee.

### 4. Preclusion of Other Employment

Plaintiffs' counsel represents that this lawsuit precluded counsel from taking on other work. As stated, counsel spent more than 170 hours on this matter. They began work on this case more than three years ago without any guarantee of recovery. The court finds that the time spent litigating the case demonstrates that the lawsuit precluded plaintiffs' counsel from working on other matters. The factor favors approval of the fee award.

### 5. Customary Fee

"While the Tenth Circuit applies a hybrid approach in determining the reasonableness of fees in common fund cases, the customary fee award is typically a percentage of the fund." *Barbosa*, 2015 WL 4920292, at *11 (first citing *Rosenbaum*, 64 F.3d at 1445; then citing *Gottlieb*, 43 F.3d at 482). Our court "typically applie[s] the percentage of the fund method when awarding fees in common fund, FLSA collective actions." *Id.* (citing *Bruner v. Sprint/United Mgmt. Co.*, Nos. 07-2164-KHV, 08-2133-KHV, 08-2149-KHV, 2009 WL 2058762, at *7 (D. Kan. July 14, 2009)). "Fee awards in these cases have ranged from four per cent to 58 per cent of the common fund and resulted in total fee awards ranging from a few thousand dollars to over five million dollars." *Id.* (citing *Bruner*, 2009 WL 2058762, at *7).

Plaintiffs' counsel requests a fee award amounting to 33 percent of the settlement fund. Even at a discounted hourly rate, this award represents less than a one-sixth recovery of the value of time plaintiffs' counsel devoted to this litigation. The court finds that this award is within the range our court typically approves. This factor favors approval.

### 6. Whether the Fee is Fixed or Contingent

When considering the sixth *Johnson* factor, courts ask whether plaintiffs agreed to a fixed or contingent fee because the percentage of the recovery agreed helps illuminate the attorneys' fee expectations when counsel accepted the case, even though "[s]uch arrangements should not determine the court's decision." *Johnson*, 488 F.2d at 718 (quoting *Clark v. Am. Marine Corp.*, 320 F. Supp. 709, 711 (E.D. La. 1970)).

Here, the representative plaintiff agreed to a contingent fee arrangement. And the court already has found that an attorneys' fee award amounting to one-third of the settlement fund is reasonable. The court finds that this factor favors approval of the requested fee.

### 7. Any Time Limitations Imposed

Plaintiffs' counsel asserts that there were no time limitations imposed in this case that differ from a typical FLSA case. This factor is thus neutral in the analysis.

### 8. Amount Involved and Results Obtained

Plaintiffs' counsel has secured a modest, but favorable, result for plaintiffs. Each opt-in plaintiff will receive a monetary settlement from the common fund that compensates for his or her alleged automatic lunch deductions. Payouts for the representative plaintiff and the nine opt-in plaintiffs range from $168.64 to $1,330.72. And, defendant contested its liability, so the ultimate outcome of this litigation (if it had not settled) remained in doubt. This settlement avoids the uncertainty and rigors of trial and produces a favorable, certain result for plaintiffs. This factor favors approval of the fee award.

### 9. Experience, Reputation, and Ability of the Attorneys

The court already has discussed the experience of the attorneys. As noted, plaintiffs' counsel has significant experience litigating employment cases. Mr. White and Ms. Coopman, who are both experienced attorneys, spent substantial time on this case. This factor favors of approval.

### 10. Undesirability of the Case

Plaintiffs' counsel notes that contingency fee cases are risky, and therefore undesirable. The court already has considered this factor when considering the contingency fee arrangement. The court refuses to find the case undesirable simply because it involved a contingency fee agreement and the risk that comes with such an arrangement.

### 11. Nature and Length of the Professional Relationship with the Client

Plaintiffs' counsel asserts that this case "has been going on for over three years." Doc. 62 at 6. As our court has explained, "[t]he meaning of this factor . . . and its effect on the calculation of a reasonable fee has always been unclear, and courts applying the *Johnson* factors typically state that this particular standard is irrelevant or immaterial." *Barbosa*, 2015 WL 4920292, at *12 (citing *Bruner*, 2009 WL 2058762, at *9 (further citation omitted)). The court finds this factor immaterial here.

### 12. Awards in Similar Cases

Plaintiffs' counsel asserts that the requested fee award is consistent with awards approved in similar cases. As noted above, the requested fee here represents 33% of the common fund. Historically, our court has approved fee awards in FLSA cases ranging from "four per cent to 58 per cent of the common fund and resulted in total fee awards ranging from a few thousand dollars to over five million dollars." *Barbosa*, 2015 WL 4920292, at *11 (citing *Bruner*, 2009 WL 2058762, at *7). The percentage of the fund that counsel seeks here as a fee award falls within the range our court has approved in other FLSA cases. *See, e.g.*, *id.* (concluding that a fee request that was 33% of the total settlement amount came within the range approved by our court); *see also Bruner*, 2009 WL 2058762, at *8 (noting the same about a requested fee award, which was 30% of the common fund). The court finds that this factor favors approval of the requested fee.

In sum, based on its analysis of the *Johnson* factors, the court concludes that the attorneys' fees requested are fair and reasonable. The court thus grants plaintiffs' request for approval of the proposed attorneys' fees award.

### IV. Conclusion

The court denies final approval of the Settlement Agreement because the court lacks enough information to make a final collective action certification finding. The court preliminarily approves the Settlement Agreement as involving a bona fide dispute and as fair and equitable to all parties. The court preliminarily approves the requested $4,000 in attorneys' fees for plaintiffs' counsel. But, the court reduces the service award for the named plaintiff to $520.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' "Joint Motion for Approval [ ] of Fair Labor Standards Act Settlement" (Doc. 62) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** the court denies final collective action certification. **The parties are directed to submit information sufficient for the court to make a final class certification finding by December 20, 2019, as part of a renewed Motion for Approval of FLSA Settlement**.

**IT IS FURTHER ORDERED THAT** the court preliminarily approves the Settlement Agreement. The court preliminarily approves the parties' proposed attorneys' fees of $4,000 for plaintiffs' counsel. But, the court reduces the service award to the named plaintiff to $520.

**IT IS SO ORDERED.**

**Dated this 10th day of December, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
