IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ASHLEY FOSTER, individually and on behalf
of other similarly situated persons,

  Plaintiffs,

v.

ROBERT BROGDEN'S OLATHE BUICK
GMC, INC.,

  Defendant.

Case No. 17-2095-DDC-JPO

### **MEMORANDUM AND ORDER**

  This matter comes before the court on the parties' Joint Supplemental Motion for Final Class Certification Approval (Doc. 67). For the reasons explained below, the court grants final class certification.

**I. Background**

  On December 10, 2019, the court preliminarily approved the parties' Settlement Agreement as fair and equitable to all parties. Doc. 63 at 4–6. The court preliminarily approved the parties' request for $4,000 in attorneys' fees for plaintiffs' counsel (*id.* at 12), and a $520 service award to the named plaintiff (*id.* at 7). But, the parties' motion failed to provide sufficient information for the court to make a final class certification finding. *Id.* at 4. The court must make a final class certification finding before it can approve the settlement. *Barbosa v. Nat'l Beef Packing Co., LLC.*, No. 12-2311-KHV, 2015 WL 4920292, at *3 (D. Kan. Aug. 18, 2015). In its December 10, 2019 Order, the court directed the parties to submit the information necessary for the court to make this finding. Doc. 63 at 4–5.

## II. Final Collective Action Certification

Because the parties have settled their FLSA claims before the court made a final certification ruling, the court must enter a final collective action certification finding before it can approve the settlement. *See Barbosa*, 2015 WL 4920292, at *3 (citing *McCaffrey v. Mortg. Sources Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011)). The FLSA provides that an employee may bring a collective action on behalf of other employees who are "similarly situated." 29 U.S.C. § 216(b). To decide whether plaintiffs are "similarly situated" for purposes of final collective action certification, the court considers several factors. They include: "(1) the disparate factual and employment settings of individual plaintiffs; (2) various defenses available to defendant[s] which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 5306273, at *3 (D. Kan. Oct. 29, 2012) (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03 (10th Cir. 2001)).

For the first factor, the parties assert that plaintiffs are similarly situated because defendant paid each collective class member on an hourly basis, and subjected all of them to the same automatic lunch deduction timeclock policy. Doc. 67 at 2. Specifically, defendant deducted 30 minutes of time from their daily pay records, even when plaintiffs did not take lunch breaks. *Id.* That the same hourly pay policy applied to all plaintiffs favors final collective action certification.

For the second factor, the parties assert that the available defenses concern the specific hours each collective action member worked and whether each member is entitled to additional pay or overtime compensation in specific work weeks. *Id.* Although this defense involves individual determinations about hours worked, defendant has the same kind of defense (*i.e.*,

calculating hours actually worked) against all plaintiffs.  *Id.*  Defendant does not assert defenses which appear to be individual to any plaintiff.  *Id.*  This factor favors collective action certification.

Finally, the third factor—fairness and procedural considerations—favors final collective action certification.  Allowing plaintiffs to pool their resources for litigation favors collective action treatment.  *See Barbosa*, 2015 WL 4920292, at *5 (citing *Fulton v. TLC Lawn Care, Inc.*, No. 10-2645-KHV, 2012 WL 1788140, at *3 (D. Kan. May 17, 2012)).  Also, the policy of encouraging settlement of litigation favors final collective action certification.  *Gambrell*, 2012 WL 5306273, at *4 (citing *Lynn's Food Stores, Inc. v. United States ex rel. DOL*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  The parties dispute the factual basis of plaintiffs' claims, so the value of the $12,000 settlement fund may exceed the possibility of recovery after contested litigation, and it may not.  Doc. 67 at 3.

After considering the *Thiessen* factors, the court concludes that all three factors favor final collective action certification.  The court thus certifies a final collective action.

### III. Conclusion

The court already has preliminarily approved the Settlement Agreement, the proposed attorneys' fees of $4,000 for plaintiffs' counsel, and a $520 service award for the named plaintiff.  Doc. 63.  The court now grants the final missing piece:  final collective action certification.  The court thus approves the parties' collective action settlement.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' Joint Supplemental Motion for Final Class Certification Approval (Doc. 67) is granted.

**IT IS FURTHER ORDERED THAT** the Clerk is directed to administratively close the case, and the parties are directed to submit dismissal papers within 15 days of the Order.

**IT IS SO ORDERED.**

**Dated this 21st day of January, 2020, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**
